STOKER, Judge.
The issue before us on this appeal is the quantum of damages awarded to plaintiff and against the appellant, the City of Lafayette. Specifically, the appellant contends the trial judge abused her discretion in awarding to Barbara Trahan, on behalf of her daughter, Sandra R. Walker, $5,000 in general damages Sandra incurred on August 2, 1980, when the chain on a park swing, owned by the appellant, broke in mid-flight, causing Sandra to plummet unexpectedly to the ground. The issue of liability is not before us, nor is the issue of the special damages awarded by the trial court. Appellant apparently concedes those issues, and its assignment of error refers only to the general damages that were awarded and that are discussed herein.
According to the examining physician’s report and the trial court’s findings, Miss Walker suffered a three inch laceration to the side of her left foot near the toe area and also a sprain of the right ankle and a contusion of the right ankle. The doctor examined Miss Walker first on August 12, 1980, ten days after the accident, and observed the above injuries. In a letter to appellee’s counsel, the doctor states that Sandra was suffering from pain and stiffness of the right ankle and left toe and that there was tenderness present in and about the right ankle joint.
On two more occasions, August 26, 1980, and September 30, 1980, the doctor examined Sandra and observed that she was still suffering from pain and stiffness in the right ankle, tenderness was present in the right ankle area, and movement of the right ankle produced increased pain. At the last examination by the doctor, on November 17,1980, he observed no swelling or pain on motion of the right ankle, and there were no other objective signs of residual disability. However, Sandra’s mother testified that if Sandra runs and plays, the ankle will swell. Sandra testified that, if she makes the “wrong move” on the ankle, it “gives out”.
The testimony of Sandra, her mother Barbara Trahan, and Abby Gail Eaglin, a friend who was present at the scene of the accident, indicates that the accident suffered was painful, bloody, required painful stitching and hypodermic injections, and resulted in Sandra’s sleeplessness for up to one week. It was 2lk weeks before Sandra could get out of bed unassisted and then her method of moving around was to slide on her buttocks or crawl with her injured ankle held up off the floor. Her mother testified that it was IV2 to 2 months before Sandra began to move around normally, but Sandra could not participate in physical education at her school for some time thereafter.
Sandra’s mother testified that, as a result of the accident, Sandra started school one month late that fall and that she believed this was a major factor in Sandra’s failing school that year.
The appellant’s objection to the award made by the trial court (other than an argument against some factual findings made) stems from a survey of cases presented in appellant’s brief which shows that general damage awards made in cases involving more severe injuries to the leg or foot areas of the body are generally lower than the award made in this case.
While the award of $5,000 for general damages in this -case may be on the high side, we do not feel justified in reducing the amount under the guide lines prescribed in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). The defendant questions the seriousness of the.factors relied on by the trial court other than the purely physical injuries of the sprained right ankle and the laceration of the left foot and such weight as it assigned to them. We do not conclude that' the trial court was clearly wrong in doing so. Therefore, we will affirm the award.
The costs of this appeal are assessed to appellant.
AFFIRMED.